IN THE

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.20-10730-BB
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,


versus

LAWRENCE GRICE

Defendant-Appellant.
_____

A DIRECT APPEAL OF A CRIMINAL CASE
1:16-CR-145
FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION
_____

BRIEF OF APPELLANT

WILLIAM B. HOLLINGSWORTH
Georgia State Bar No. 362753
621 Washington Street, SW
Suite B-1
P.O. BOX 2877
Gainesville, GA 30503
(770) 534-4374

Attorney for LAWRENCE GRICE

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-10730 |
| | ) | |
| LAWRENCE GRICE | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1-2 (a), the following persons and entities have a probable interest in the outcome of this appeal.

Erin Spritzer, Assistant U.S. Attorney

Kurt R. Erskine, U.S. Attorney

Kim Dammers, Assistant U.S. Attorney

Ryan Buchannan, Assistant U.S. Attorney

Lawrence Grice, Defendant

Honorable Thomas W. Thrash, United States District Judge

United States Department of Justice

William B Hollingsworth, Defense Attorney

Byung J. Pak, Former United States Attorney

U.S Attorney's Office for The Northern District of Georgia

C1-1

Buddy Early, FBI

Federal Bureau of Investigation

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The Appellant does not request oral argument.

## STATEMENT OF TYPE SIZE AND STYLE

Pursuant to Federal Rules of Appellate Procedure 32(a)(5) and (6), counsel for Appellant hereby certifies that the size and style of type used in this brief is Times New Roman 14 point.

## **STATEMENT OF JURISDICTION**

The Eleventh Circuit Court of Appeals has jurisdiction to consider this case pursuant to 18 U.S.C. § 3742 and 18 U.S.C. § 1291 in that it is a direct appeal of a criminal conviction entered and a sentence imposed in the United States District Court for the Northern District of Georgia.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . C1-1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . I

STATEMENT OF TYPE SIZE AND STYLE. . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

      (I)    Course of Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

      (ii)   Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

      (iii)  Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

ARGUMENT AND CITATION OF AUTHORITY . . . . . . . . . . . . . . . . . . . . .  6

    A.   The evidence presented by the Government at the jury trial was
    insufficient to support a conviction of all counts charged in the
    indictment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**:

United States v. Bell, 833 F.2d 272, 275 (11th Cir. 1987) . . . . . . . . . . . . . . . . . . . 7

United States vs. Diaz, 248 F. 3d  1065, 1084 (11th Cir. 2001) . . . . . . . . . . . . . . . 5

Glasser v. United States, 315 U.S. 60, 80, (1942) . . . . . . . . . . . . . . . . . . . . . . . . . 6

United Sates v. Gonzalez, 550 F3.d 1319, 1323-24 (11th Cir. 2008)  . . . . . . . . . . . 7

United States v. Starrett, 55F.3d 1525911th Cir. 1995) . . . . . . . . . . . . . . . . . . .  6,7

U.S. v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994). . . . . . . . . . . . . . .  6,7, 8

United States v. Sullivan, 763 F.2d 1215, 1218 (11th Cir. 1985) . . . . . . . . . . . . . 7

United States v. Turkette, 425 U.S. 576, (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United States v. Villegas, 911 F.2d 623, 628 (11th Cir. 1990) . . . . . . . . . . . . . . . 8

**STATUTORY PROVISIONS**:

18 U.S.C. § 841(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

18 U.S.C. § 841(b)(1)© . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 846. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

18 U.S.C. § 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1963. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

18 U.S.C. § 3742 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

vi

**<u>FEDERAL RULES</u>:**

Federal Rules of Appellate Procedure 32(a)(5) and (6) . . . . . . . . . . . . . . . . . . . . . . ii

Federal Rules of Appellate Procedure 32(a) (7) . . . . . . . . . . . . . . . . . . . . . . . . . ii

**<u>MISCELLANEOUS</u>:**

## <u>STATEMENT OF THE ISSUES</u>

I.  Whether the Court erred in denying the Defendant's Motion for Judgment of
Acquittal based upon the general grounds that the Government presented
insufficient evidence to prove each and every element of the offenses charged in
the indictment beyond a reasonable doubt.

## STATEMENT OF THE CASE

(I)   Course of Proceedings

THE APPELLANT, LAWRENCE GRICE #61379479, IS INCARCERATED IN A FEDERAL PRISON, ATWATER U.S. PENITENTIARY, ATWATER, CA 95301.

On 10/24/2018, the Appellant, Lawrence Grice, (hereinafter called Defendant, Appellant, or Grice) was charged with Counts 1 and 24 by a second superseding indictment in the Northern District of Georgia, Atlanta Division. Grice proceeded to a jury trial on Count One and Count Twenty Four in the United States District Court for the Northern District of Georgia, Atlanta Division, before the Honorable Judge Thomas W. Thrash on September 3, 2019. The trial concluded on October 8, 2019. Grice was found guilty by a jury on both counts on October 8, 2019 in open Court. The two counts in the indictment to which the Defendant plead not guilty at trial are as follows below.

● Count One - the Defendant with others did conspire to commit Racketeering in violation of 18 U.S.C. § 1962 (d), 18 U.S.C. § 1963.

● Count Twenty Four - the Defendant did knowingly and intentionally conspire to possess with intent to distribute at least 5 kilograms of cocaine and a quantity of heroin in violation of 21 U.S.C. § 841 (b)(1)(A), 21 U.S.C. § 846 and 21 U.S.C. § 841 (b)(1)(c).

● Criminal Forfeiture Provision

On March 9, 2020, the Defendant was sentenced to 262 months on each count with other general sentence conditions. The sentence on each count was ordered to run concurrently with each other, so that the total sentence imposed by the U.S. District Court is 262 months imprisonment. All in accord with law.

(ii)    <u>Statement of Facts</u>

On January 18, 2017, a rented Mercedes Benz sprinter van was stopped in Louisiana for failing to maintain its lane. Inside the van at the time of stop were passengers, Octavia Fields, Joy Davidson, a baby named Amarachi Davidson, a man named Justin Armstead (related to the owner of the rented vehicle) as well as a female driver named Corrine Hopson. While officers questioned Armstead, who stated the van was rented from his uncle, the officers noticed a strong odor of marijuana emanating from the van. As the officers opened the side or rear door of the van the odor became stronger. After developing probable cause, the officers searched the vehicle. They found two duffel bags in the rear of the vehicle which contained 46.7 pounds of field

sample, tested cocaine, packaged in 18 bricks that were wrapped in plastic. All occupants of the van were arrested and questioned. Of the initial group of individuals initially arrested,  Octavia Fields was the only individual subsequently charged with an offense, booked, and placed in jail. The other van occupants were released. (See Transcript 9/10/2019 pp.5-98)   On a later date, a portion of the 18 bricks seized were confirmed by Federal Crime Lab authorities to be cocaine. (Also See transcript from 9/16/2019, pp.117-204)

On another date, in Texas, in a secretly recorded video, Lawrence Grice was filmed and recorded having a conversation with a government confidential informant. During that conversation  Lawrence  Grice seemingly admitted to sending drugs in a rented van that was stopped and seized in Louisiana. Also during the conversation with the confidential informant, it seemed Grice made an admission  to possibly having a leadership or managerial role in the Texas Gangster Disciples Gang. (Transcript 9/10/2019 pp.5-98, pp.161-175; Transcript 9/13/2019 p.5-31)

Dontrail Gilmore, an acknowledged and admitted Gangster Disciple member and a cooperating witness, testified at trial that he knew Lawrence Grice. Gilmore testified that he traveled to Texas once to meet with Grice. He

testified that during the trip he discussed the possible purchase of cocaine from

Grice. Gilmore testified that on another date and time he actually acquired

nine (9) ounces of heroin from Lawrence Grice.

 ( *All Facts stated herein are distilled and paraphrased from the Indictment

Doc. 1750, PSR, and trial transcripts by Counsel)


(iii)    Standards of Review

I.  This Court reviews the denial of a defendant's motion for acquittal de

novo.  U.S. v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994)   This Court

reviews the de novo the sufficiency of the evidence, viewing the evidence in the

light most favorable to the government. United States vs. Diaz, 248 F. 3d 1065,

1084 (11th Cir. 2001)


## SUMMARY OF THE ARGUMENT

The  appellant raises ONE issue in this appeal.  Whether the evidence

presented by the Government at trial was sufficient to convict the Defendant

beyond a reasonable doubt of all counts charged in the Government's

indictment.

## I.    **ARGUMENT AND AUTHORITY**

**A.    The evidence presented by the Government at the jury trial was insufficient   to support a conviction of the counts charged in the indictment.**

The Appellant alleges that the trial Court erred when it denied his properly raised and preserved Rule 29  motion for judgment of acquittal (see docket entry Document 2895; oral motion made and entered on docket 10/2/2019). The Appellant asserted at trial that the Government failed to prove all the elements of the two offenses listed in the indictment beyond a reasonable doubt.

"In considering the sufficiency of the evidence, we draw all reasonable inferences in the Government's favor. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942)" U.S. v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994)

"To establish a RICO conspiracy, the government needed to prove that the defendant..objectively manifested, through words or actions, an agreement to participate in, the affairs of an enterprise through the commission of two or

more predicate crimes" United States v. Starrett 55 F.3d 1525, 1543 (11th Cir. 1995) "The enterprise may... be a group of persons associated together for a common purpose of engaging in a course of conduct" United States v. Turkette, 425 U.S. 576, 583(1981) "The government does not have to establish that each conspirator explicitly agreed with every other conspirator to commit the substantive RICO crime described in the indictment, or knew his fellow conspirators, or was aware of all details of the conspiracy" United States v. Starrett, 55 F.3d 1525, 1544 (11th Cir. 1995)

"To convict a defendant for conspiracy under 21 U.S.C. § 846, the evidence must show (1) that a conspiracy existed, (2) that the defendant knew of it, and (3) that the defendant, with knowledge, voluntarily joined it. E.g., United States v. Sullivan, 763 F.2d 1215, 1218 (11th Cir. 1985)" U.S. v. Perez-Tosta, 36 F.3d 1552, 1557 (11th Cir. 1994) "The inference of participation from presence and association with conspirators alone does not suffice to convict." United States v. Bell, 833 F.2d 272, 275 (11th Cir. 1987), U.S. v. Perez-Tosta, 36 F.3d 1552, 1557 (11th Cir. 1994) "Reasonable inferences, and not mere speculation, must support the jury's verdict. United States v. Villegas, 911 F.2d 623, 628 (11th Cir. 1990)" U.S. v. Perez-Tosta,

36 F.3d 1552, 1557 (11th Cir. 1994)

This Court should conduct a de novo review of the evidence presented at trial by the Government. This Court should find that the Government failed to meet its burden to prove each and every element of the two offenses charged in the indictment at the trial. The Appellant alleges that the Government failed to conclusively prove that he was a member of the Gangster Disciples Gang in any way, and that based on the evidence shown by the government at trial only a grave suspicion and conjecture was raised on the subject. Additionally, the Government never proved more than mere speculation that the Appellant conspired to possess with intent to distribute cocaine or heroin. The Appellant asserts that the evidence was insufficient to support a conviction of either Count 1 or Count 24 of the indictment.

<u>CONCLUSION</u>

Based on the foregoing argument and citation of authority, the appellant requests that this Court review and determine that the District Court erred by denying his Rule 29 Motion for Judgment of Acquittal based on insufficient evidence of guilt.

Dated: This 12th  day of September, 2022.


Respectfully submitted,


S/ WILLIAM  B. HOLLINGSWORTH
WILLIAM B. HOLLINGSWORTH
Georgia State Bar No. 362753
Attorney for Appellant
William B. Hollingsworth, P.C.
621 Washington Street SW
Suite B-1
P.O. Box 2877
Gainesville, GA 30503
(770) 534-4374
hollinglaw.com

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(a)(7), I certify that the number of words in this brief, as counted by my word-processing system, is **2166** words, which is less  than the 14,000 allowed for appellate briefs.

Dated: This 12th day of September, 2022.

<u>S/ WILLIAM  B. HOLLINGSWORTH</u>
WILLIAM B. HOLLINGSWORTH
Georgia State Bar No. 362753
Attorney for Appellant
William B. Hollingsworth, P.C.
621 Washington Street SW
Suite B-1
P.O. Box 2877
Gainesville, GA 30503
(770) 534-4374
hollinglaw.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing

BRIEF OF APPELLANT upon:

> Kim Dammers, Esq.
> Ryan Buchannan, Esq.
> Conor Mulroe, Esq., USDOJ
>
> Assistant United States Attorneys
> 600 Richard B. Russell Building
> 75 Ted Turner Drive SW.
> Atlanta, Georgia  30303

by ECF FILING.

Dated: This 12th day of September, 2022.


<u>S/ WILLIAM  B. HOLLINGSWORTH</u>
WILLIAM B. HOLLINGSWORTH
Georgia State Bar No. 362753
Attorney for Appellant
William B. Hollingsworth, P.C.
621 Washington Street SW
Suite B-1
P.O. Box 2877
Gainesville, GA 30503
(770) 534-4374
hollinglaw.com